IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JOHNNY E. BRINSON, )
 )
    Plaintiff, )
 )
v. ) CASE NO. CV408-242
 )
COASTAL STATE PRISON and )
GEORGIA DEPARTMENT OF )
CORRECTIONS, )
 )
    Defendants. )
 )

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 5), to which objections have been filed (Doc. 9). After a careful de novo review, the Court **DECLINES TO ADOPT** the Magistrate Judge's Report and Recommendation. However, Plaintiff is **ORDERED** to amend his Complaint to include a proper defendant within **thirty (30) days** of the date of receipt of this Order. Failure to do so will result in dismissal of this case.

### BACKGROUND

Plaintiff Johnny E. Brinson is a prisoner at D. Ray James Prison in Folkston, Georgia. (Doc. 1 at 4.) Plaintiff contends that on June 3, 2008, Ms. Russell[1] called Officer Williams to the

---

[1] Plaintiff does not explain who Ms. Russell is, but it appears that she may have been a prison employee. Regardless, her specific identity is not currently important to this case.

K-Building of the prison to complain about "some tissue in the room door." (Doc. 1 at 5.) Officer Williams responded to the complaint, accompanied by Officers Jones and Johnson. (Id.) Upon their arrival, instead of complaining about the tissue, Ms. Russell claimed that Plaintiff had slammed a door on her hand. (Id.)

The officers handcuffed Plaintiff and then walked him down the hall. (Id.) Plaintiff contends that when they reached the staircase at the end of the hall, the officers pushed him down the staircase. (Id.) Getting to his feet, Plaintiff was then asked if he wanted "a kidney shot in the gut or to get slapped." (Id. at 2.) Plaintiff responded neither, which resulted in a slap in the face. (Id.) Plaintiff was then taken to the medical ward, where he was given stitches on his face. (Id.)

Plaintiff filed this § 1983 suit against the Georgia Department of Corrections and Coastal State Prison on December 8, 2008. Plaintiff is proceeding pro se in this case and has been granted in forma pauperis status. (Doc. 3.) On March 4, 2009, the Magistrate Judge issued his Report and Recommendation, recommending that this case be dismissed without prejudice, as Plaintiff stated in his Complaint that he was still waiting on the resolution of his grievance. (Doc. 7.) Plaintiff objected to the Report and Recommendation, explaining that he was given a letter, by prison officials, before he filed this suit that

K-Building of the prison to complain about "some tissue in the room door." (Doc. 1 at 5.) Officer Williams responded to the complaint, accompanied by Officers Jones and Johnson. (Id.) Upon their arrival, instead of complaining about the tissue, Ms. Russell claimed that Plaintiff had slammed a door on her hand. (Id.)

The officers handcuffed Plaintiff and then walked him down the hall. (Id.) Plaintiff contends that when they reached the staircase at the end of the hall, the officers pushed him down the staircase. (Id.) Getting to his feet, Plaintiff was then asked if he wanted "a kidney shot in the gut or to get slapped." (Id. at 2.) Plaintiff responded neither, which resulted in a slap in the face. (Id.) Plaintiff was then taken to the medical ward, where he was given stitches on his face. (Id.)

Plaintiff filed this § 1983 suit against the Georgia Department of Corrections and Coastal State Prison on December 8, 2008. Plaintiff is proceeding pro se in this case and has been granted in forma pauperis status. (Doc. 3.) On March 4, 2009, the Magistrate Judge issued his Report and Recommendation, recommending that this case be dismissed without prejudice, as Plaintiff stated in his Complaint that he was still waiting on the resolution of his grievance. (Doc. 7.) Plaintiff objected to the Report and Recommendation, explaining that he was given a letter, by prison officials, before he filed this suit that

stated that his grievance process was completed. (Doc. 9 at 1-2.) As Plaintiff was unfamiliar with the prison grievance system, and seeking to be truthful with this Court, Plaintiff stated his process was not complete because he was hoping additional review would occur. (Id.)

## ANALYSIS

The Magistrate Judge's Report and Recommendation provides an excellent restatement of the law in this area, with which the Court agrees. (Doc. 7 at 2-5.) That is, for a prisoner to file a § 1983 suit, he must have exhausted all administrative remedies by the time that the suit was filed. (Id.) Under the facts given to the Magistrate Judge, Plaintiff's admission that he did not believe he had completed his administrative process made this suit premature. (Doc. 1 at 3.) However, in his response to the Report and Recommendation, Plaintiff further explained his statement in, what appears to this Court to be, a reasonable and truthful manner. (Doc 9 at 2.) He makes clear that in July of 2008—six months before this suit was filed—he received a letter from prison officials, which stated that he had completed the prison's grievance process. (Id.) He explains that when he stated the process was not complete, he was attempting to be truthful with the Court, as he was mistakenly hoping more review would occur. (Id.)

As Plaintiff is proceeding pro se, the Court construes his filings liberally. Espey v. Wainwright, 734 F.2d 748, 749-50 (11th Cir. 1984). Accordingly, the Court will treat the portion of his response explaining his previous statement about exhaustion as a motion to amend his Complaint. After careful consideration, the Court will **GRANT** the Motion and allow the amendment. So amended, Plaintiff has pled exhaustion. Therefore, the Court **DECLINES TO ADOPT** the Report and Recommendation, and will not dismiss the case on this ground.

Having found that Plaintiff is not barred from filing this suit due to a lack of exhaustion, the Court considers whether Plaintiff can survive review under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). In this regard, the Court notes that Plaintiff names only Coastal State Prison and the Georgia Department of Corrections as Defendants. Coastal State Prison has no independent legal existence and, therefore, is not an entity that is subject to suit under § 1983. Miller v. Benton County Jail, No. 06-5050, 2006 WL 2711482, at *1 (W.D. Ark. Sept. 11, 2006) (unpublished) (county jail not a legal entity subject to suit), Agnew v. St. Joseph County Jail, No. 395cv608, 1996 WL 534928, at *1 (N.D. Ind. Aug. 14, 1996) (unpublished), Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (jail not a person or legal entity subject to suit); see Lovelace v. DeKalb Cent. Prob., 144 Fed. App'x 793,

795 (11th Cir. 2005) (county police department not a legal entity subject to suit under § 1983). Furthermore, "[t]he Eleventh Amendment bars [suit] against the Georgia Department of Corrections," regardless of the relief sought. Stevens v. Gay, 864 F.2d 113, 115 (11th Cir. 1989). As neither of these Defendants is a proper defendant, the Court will be forced to dismiss this case if Plaintiff does not amend his Complaint to include a Defendant who can be sued. Accordingly, Plaintiff is **ORDERED** to amend his Complaint within **thirty (30) days** of receipt of this Order to include Defendants against whom he is allowed to file suit. See Warren v. United States, 279 Fed. App'x 162, 163 (3d Cir. 2008) (recognizing an order by a Magistrate Judge to a prisoner to amend his complaint to name proper defendants), Vazquez v. Rogers, 2008 WL 248479, at *2 (M.D. Ga. 2008) (ordering prisoner to amend his complaint to include additional allegations). Failure to do so will result in dismissal of this case. Once Plaintiff has amended his Complaint, this Court will consider whether or not the claims against the appropriate parties can survive PLRA review.

## CONCLUSION

The Court has considered the Magistrate Judge's Report and Recommendation (Doc. 5), to which objections have been filed (Doc. 9). After a careful de novo review, the Court **DECLINES TO ADOPT** the Magistrate Judge's Report and Recommendation.

However, Plaintiff is **ORDERED** to amend his Complaint to include a proper defendant within **thirty (30) days** of the date of receipt of this order. Failure to do so will result in dismissal of this case.

SO ORDERED this 1ST day of April, 2009.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA