# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| JOHNNY E. BRINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV408-242 |
| | ) |
| WARDEN THALRONE WILLIAMS, | ) |
| OFFICER J. WILLIAMS, and BRIAN | ) |
| OWENS, *Commissioner of the Georgia* | ) |
| *Department of Corrections,* | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Inmate Johnny Brinson's 42 U.S.C. § 1983 action for excessive force is on remand from the district judge. Initially, this Court recommended that the district judge dismiss the case because Brinson indicated on his civil complaint form that he had not completely exhausted his administrative remedies. (Doc. 7.) In an objection to that recommendation, Brinson explained that he had exhausted his remedies but was confused by the questions on the complaint form. (Doc. 9.) Upon considering Brinson's explanation, the district judge "found that Plaintiff is not barred from filing this suit due to a lack of exhaustion" but noted that Brinson had failed to

name a proper defendant and instructed him to supplement his complaint or face dismissal. (Doc. 12 at 4-6.) Brinson has done so, so his case is ready to proceed. (Doc. 14.)

The Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); *see also* 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). The Court will therefore examine the complaint as amended to determine whether it states a colorable claim for relief.

The district judge summarized Brinson's factual allegations:

> Plaintiff contends that on June 3, 2008, Ms. Russell [, a correctional officer,] called Officer [J.] Williams to the K-Building of the prison to complain about "some tissue in the room door." (Doc. 1 at 5.) Officer Williams responded to the complaint, accompanied by Officers Jones and Johnson. (*Id.*)

2

> Upon their arrival, instead of complaining about the tissue, Ms. Russell claimed that Plaintiff had slammed a door on her hand. (*Id.*)
>
> The officers handcuffed Plaintiff and then walked him down the hall. (*Id.*) Plaintiff contends that when they reached the staircase at the end of the hall, [Officer Williams] pushed him down the staircase. (*Id.*) Getting to his feet, Plaintiff was then asked if he wanted "a kidney shot in the gut or to get slapped." (*Id.* at 2.) Plaintiff responded neither, which resulted in a slap in the face [from Williams]. (*Id.*) Plaintiff was then taken to the medical ward, where he was given stitches on his face. (*Id.*)

(Doc. 12 at 1-2.) Brinson now names Warden Thalrone Williams, Officer J. Williams, and Brian Owens as defendants, replacing Coastal State Prison and the Georgia Department of Corrections. (Doc. 14 at 1-2.) As relief, he requests $1.2 million dollars in damages.[1]

Allegations of excessive force occurring post-conviction are reviewed under the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 318 (1986). While a prison guard is entitled to use force against an inmate in order to maintain or restore discipline, he violates the Eighth Amendment's prohibition of cruel and unusual punishment when he employs force

---

[1] Brinson also requests the immediate termination of Officer J. Williams and that charges be filed against Officers Jones and Johnson, Ms. Russell, and Ms. Hunter (who was working in the prison module and saw the events transpire). (Doc. 1 at 7.) Plaintiff is advised that those requests are beyond the power of the Court to grant.

maliciously or sadistically for the very purpose of causing harm. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Clark v. Argutto*, 221 F. App'x 819, 824-825 (11th Cir. 2007); *Bozeman v. Orum*, 422 F.3d 1265, 1271 (11th Cir. 2005). Thus, whenever a prison official stands accused of using excessive physical force, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7; *Danley v. Allen*, 540 F.3d 1298, 1307 (11th Cir. 2008); *Skrtich* v. *Thornton*, 280 F.3d 1295, 1300 (11th Cir. 2002). To determine whether an application of force was applied maliciously and sadistically to cause harm, courts consider "the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response." *Hudson*, 503 U.S. at 7 (internal citations omitted); *Danley*, 540 F.3d at 1307. Courts may also consider the extent of the injury suffered as an additional indicator of whether the force used was appropriate under the circumstances. *Hudson*, 503 U.S. at 7, 9-10.

Here, Brinson has clearly stated a claim against Officer Williams, who

he alleges pushed him down a stairwell and hit him in the face even though he was cooperative and in restraints. (Doc. 14 at 7-8.) Taking Brinson's allegations as true, as the Court must at this stage in the proceedings, he posed no threat to the officers and there was simply no need to apply any force. Moreover, Brinson alleges that he was harmed by the assault and required stitches. (*Id.* at 8.)

As to the remaining defendants, however, Brinson has failed to state a claim for relief. Claims brought pursuant to § 1983 cannot be based upon theories of vicarious liability or respondeat superior. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Indeed, "[t]he standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." *Danley*, 540 F.3d at 1314 (quoting *Gonzalez v. Reno*, 325 F.2d 1228, 1234 (11th Cir. 2003)). A plaintiff must demonstrate either that the individual defendant directly participated in the alleged constitutional deprivation or that there is some other causal connection between the official's acts or omissions and the alleged constitutional deprivation. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990); *Lewis v. Smith*, 855 F.2d 736, 738 (11th

Cir. 1998) (per curiam).

Brinson does not allege that Warden Williams or Commissioner Owens directly participated in the alleged constitutional deprivations. And there is no other causal connection. He does not allege that defendants implemented or allowed to continue an official policy or an unofficially adopted policy or custom under which the violation occurred. *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Fundiller v. Cooper City*, 777 F.2d 1436, 1442 (11th Cir. 1985). And he offers no facts indicating that they were deliberately indifferent to the asserted harm or risk, in that their knowledge was "so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights."[2] *Tittle v. Jefferson County Comm'n*, 10 F.3d 1535, 1541-42 (11th

---

[2] Brinson alleges that Warden Williams should have had a camera present "during the use of excessive force." (Doc. 14 at 3.) There is no constitutional requirement, however, that a prison warden install cameras to monitor every square inch of a prison on the offchance that some correctional officer will be caught using excessive force. Brinson also states that after being notified of the incident, Warden Williams took no action and "decided the incident wasn't important." (*Id.*) Warden Williams's decision not to act on Brinson's complaints, standing alone, neither establishes a policy of tolerating civil rights violations nor that he caused Officer Williams's particular actions.

The Court also notes that any official capacity suits against these defendants would be barred by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985) (the Eleventh Amendment prohibits damages suits against state officials

6

Cir. 1994) (Kravitch, J., concurring). In fact, he does not allege that they had any knowledge of any misuse of force prior to this incident. Consequently, Brinson has failed to state a claim against Warden Williams and Commissioner Owens.

For all of the reasons explained above, Brinson's claims against Warden Williams and Commissioner Owens should be **DISMISSED**. His claim against Officer J. Williams, however, survives review, and the Clerk is hereby **DIRECTED** to forward a copy of the complaint (docs. 1 & 14) and this Order to the United States Marshal for service upon that defendant.[3]

---

acting in their official capacities).

[3] Brinson's motion for an extension of time to submit legal authority in support of his claims (doc. 15) is **DENIED**, since the production of such authority was not necessary to the screening process at this stage of the proceedings. Brinson also seeks guidance on the discovery process. (*Id.*) Once defendant Williams has been served, Brinson may proceed with discovery. He is advised that he should familiarize himself with the discovery provisions of the Federal Rules of Civil Procedure and this Court's local rules, which explain the use of interrogatories, requests for production of documents, depositions, etc. His discovery requests should be sent directly to defendant's counsel and *should not be filed with the Court*. The discovery process should take place between plaintiff and defendants without the Court's intervention. If plaintiff believes that defendant is not complying with his legitimate requests, he should attempt to confer with defendant's counsel in good faith effort to solve the problem before coming to the Court with a motion to compel discovery. Moreover, plaintiff is advised that he is *not entitled to public funding* to offset the costs of discovery. *See Tabron v. Grace*, 6 F.3d 147, 158-59 (3d Cir. 1993) (no provision of the IFP statute "authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant").

Finally, Brinson's request for copies (doc. 14 at 1) is **DENIED**. As the Court explained in its prior order denying copies, Brinson must pay the Clerk fifty cents per page for any copies he desires.

**SO REPORTED AND RECOMMENDED** this  7th  day of May, 2009.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**